UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD L. NUCCIO,

       Plaintiff,
  v.                                        Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.
                                                  **JURY TRIAL DEMANDED**

       Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III.  PARTIES

4. Plaintiff Richard L. Nuccio is a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant NCO Financial Systems Inc. (hereinafter referred to as "NCO") is a foreign corporation organized under the laws of Pennsylvania.

6. Upon information and belief, NCO regularly attempts to collect debts alleged to be due another, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

7. The acts of NCO alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV.  FACTUAL ALLEGATIONS

8.   That Plaintiff Richard L. Nuccio incurred a credit card obligation to Capital One (hereinafter referred to as "the subject debt").

9.   That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

10.  That the subject debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

11.  That after Plaintiff defaulted on the subject debt.

12.  That after Plaintiff's default, Capital One employed NCO to collect the subject debt.

13.  That on December 27, 2007, NCO called and spoke to Plaintiff by telephone.  NCO demanded payment of the debt, and Plaintiff responded that he would two months to pay the debt.

14.  That on December 28, 2007, NCO made three telephone calls to Plaintiff.  During the call, NCO demanded payment of the debt, and Plaintiff advised NCO that he would need two months to begin payments.  NCO informed Plaintiff that they would not agree to wait two months for payments to begin, and asked for Plaintiff's bank account information.  Plaintiff refused to provide such information and reminded NCO that he could not afford to begin payments.  Plaintiff then stated that he was "in no mood to be bothered" further, and the call was terminated.

15.  During the second or third call made by NCO to Plaintiff on December 28, 2007, Plaintiff stated to NCO his belief that they were only allowed to call him one time per day.  Plaintiff informed NCO that he found the frequency of their telephone calls to be harrassing, especially in light of the fact the he had previously informed them that he could not begin payments for two months.  Plaintiff concluded by stating that he would be obtaining an attorney, and the call was terminated.

16.  During the second or third call made by NCO to Plaintiff on December 28, 2007, Plaintiff interrupted the caller from NCO in the middle of one of her sentences, and stated that she was speaking too fast, and to please slow down and speak more clearly.  Said caller did not slow down and continued talking over Plaintiff as if he had not said anything to her.  Plaintiff then informed the caller that she was being a nuisance, yet she continued to talk at the same rate of speed to Plaintiff.  Plaintiff finally stated that he was going to have to hang up the telephone, which he did.

17.  That NCO intended to harass, oppress and abuse Plaintiff during the three telephone calls made to Plaintiff on December 28, 2007.

18.  That as a result of the actions of Defendants described in this complaint, Plaintiff became upset, humiliated and nervous, and suffered emotional distress.

V.     CAUSES OF ACTION UNDER FDCPA

19. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 18 above.

20. That the telephone calls and conversations of NCO to Plaintiff on December 28, 2007 violated 15 U.S.C.§1692d and 5 U.S.C.§1692d(5).

21. That as a result of the NCO's FDCPA violations, individually and in combination, Plaintiff suffered actual damages, including emotional distress.


WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.


Dated:  January 15, 2008

                                                    s/Kenneth R. Hiller, Esq._____
                                                    BY: Kenneth R. Hiller, Esq.
                                                    Amanda R. Jordan, Esq.
                                                    Law Office of Kenneth Hiller
                                                    *Attorneys for the Plaintiff*
                                                    2001 Niagara Falls Boulevard
                                                    Amherst, NY 14228
                                                    (716) 564-3288
                                                    Email: khiller@kennethhiller.com
                                                               ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Richard L Nuccio, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 15, 2008

                                         /s/Richard L. Nuccio_____
                                          Richard L. Nuccio